McKinney, J.,
delivered the opinion of the court.
*82 This bill is brought to establish a resulting trust, and was filed November, 1842.
The bill alledges, that on the 16th day of January, 1839, complainant furnished the money, and caused to be made for his own benefit, in the name of respondent, an entry of the northeast fractional quarter of section eighteen, fifth fractional township, and range three west of the basis line in the Ocoee District, containing one hundred and fifty-two acres, at seven dollars and fifty cents per acre.
The answer contains an unqualified denial of the allegations of the bill; and asserts that the entry of said fractional quarter section, was made with the money of respondent and for his own benefit.
The testimony in the cause, though voluminous, is contradictory in some respects; yet, we think, it sufficiently establishes that part of the consideration money of said entry, perhaps about one half, or nearly that amount was furnished by the complainant; the balance, in all probability, was the money of the defendant; and, from the conduct and declarations of both parties, we incline to the opinion, that it was understood between them, at the time of making said entry, that they should be jointly interested therein.
Assuming this to be the true state of the case, as made out in proof, the question is — to what relief is the complainant entitled ?
The doctrine is well established, that if one purchase an estate with his own money, and the conveyance is taken in the name of another, (the parties being strangers in blood,) a resulting or presumptive trust immediately arises, and the person named in the conveyance will be a trustee for the party from whom the consideration proceeds.
The rule is the same where the consideration proceeds from two or more persons jointly, and the conveyance of the legal estate is taken in the name of one of them only. A resulting *83 trust will arise in favor of the parties, not named in the conveyance, in proportion to the amount of the consideration, which they respectively may have contributed. Hill on Trustees, 92. Sugd. on Vendors 140, 9th Ed.
The ground of this trust, is the payment of the purchase money; and it is incumbent on the part of him who seeks to establish such trust, to show the payment of the money by clear and unequivocal evidence, in order to displace the presumption that exists in favor of the legal title. But this may be done by parol, or any other evidence sufficient to establish the fact of payment; because resulting trusts are left unaffected by the statute of frauds, and may, therefore, be either established or rebutted by parol proof.
The payment of part of the consideration money by the complainant, in the present case, is sufficiently proved. In addition to other evidence going directly to establish the fact, two witnesses prove that they heard the defendant admit, that the complainant had paid part of the money.
It is true, the proof does not show that the consideration money was contributed in exactly equal proportions by the complainant and defendant. But, in the absence of proof to the contrary, the law presumes that they contributed equally; and in view of all the facts disclosed in the proof, we think this a proper case for the application of such presumption.
The decree of the Chancellor will be reversed, and a decree will be made declaring the defendant a trustee for complainant as to one moiety of the fractional quarter section of land in the pleadings mentioned — the title to which will be divested out of the former and vested in the latter.